**James M. Dore - State Bar No. 343860**
JUSTICIA LABORAL, LLC.
6232 N. Pulaski Rd. Suite 300, Chicago, IL 60646
P: (773) 415-4898; E: jdore@justicialaboral.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Claudia Y. Carpena and Cruz Gonzalez, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br><br>Anneta Group, LP<br><br>Defendant. | Case No: 23-CV-2009<br><br><br>Complaint for Declaratory Relief and Monetary Damages for Violations of (1) FLSA; (2) Cal. Labor Code-Unpaid Overtime; (3) Labor Code – Rest and Meal Breaks; (3) Cal. Labor Code – Waiting Time Penalties; and (4) Cal. Labor Code – Failure to Issue Accurate Wage Statements<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION

### NATURE OF THIS ACTION

1.   This is an action for relief from Defendant Anneta Group, LP's violations of Plaintiffs Claudia Y. Carpena and Cruz Gonzalez, individually and on behalf of themselves and all other similarly situated persons, known and unknown, ("Plaintiffs") workplace rights. Defendants violated state wage and hour laws, against Plaintiffs.

2.   This is an action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the California Labor Code to obtain relief for Plaintiffs.

3.   This action is brought by Plaintiffs to secure declaratory relief and damages to remedy Defendant's violations of federal, state, and local employment laws by failing to adequately compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and punitive damages under federal and state employment laws.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the FLSA.

5. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' claims under the California Labor Code form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with her/his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

6. Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Central District of California because Plaintiffs resides in this District, Defendant resides in and employed Plaintiffs in this District, and the unlawful employment practices alleged herein giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

7. Plaintiff Claudia Y. Carpena is a current resident of Thermal, California.

8. Plaintiff Cruz Gonzalez is a current resident of Thermal, California

9. Defendant Anneta Group LP is a company doing business in California. It provides renovations and design of residential properties. At all times relevant herein Defendant Anneta Group LP was Plaintiffs' employer covered by the FLSA, the California Labor Code, Industrial Welfare Commission Wage Order 5 ("Wage Order 5"), and Industrial Welfare Commission Minimum Wage Order MW-2007 ("General Minimum Wage Order").

**STATEMENT OF FACTS**

10. Plaintiff Claudia Y. Carpena worked for Defendant as a general worker from approximately March 16, 2023, to May 20, 2023.

11. Plaintiff Cruz Gonzalez worked for Defendant as a general worker from approximately March 19, 2023, until May 20, 2023.

12. When Defendant hired Plaintiffs, Defendants did not present or require Plaintiff to sign an employment contract.

13. Defendant willfully, intentionally, and with reckless disregard denied Plaintiffs all the wages to which s/he was entitled under the FLSA, state law, and/or any local ordinance.

14. Defendant was required under Labor Code § 226.2 to pay Plaintiffs and proposed Class Members their average hourly rate for their time spent on rest breaks separately and apart

rom their regular hours; further, Defendants was required to actually allow Plaintiff and the proposed Class Members genuine rest breaks where they were not required to work, but did.

15.  Defendant's regular practice was not to allow Plaintiffs and proposed Class Members to take genuine rest breaks; Defendant in fact required Plaintiffs and proposed Class Members to work throughout their workday.

16.  Defendant failed to authorize compliant rest breaks in accordance with § 12 of the applicable Wage Order and applicable law, thereby triggering an obligation to make premium payments to Class Members under Labor Code § 226.7 and Wage Order No.-2001,

17.  Defendant's policies and/or practices also did not authorize and permit Plaintiffs and proposed Class Members to take paid off-duty rest periods. At a minimum, Plaintiffs and the Class Members should have been provided required rest breaks. Defendant, however maintained policies and practices that instructed and/or expected Plaintiffs and proposed Class Members to continue making themselves available for work and/or to continue to work. Thus, Defendant failed to authorize and permit compliant rest breaks in accordance with Wage Order 95 No. 4-2001, § 12(A) thereby triggering an obligation to make premium payments to Plaintiffs and the Class Members on a class-wide basis under Labor Code § 226.7 and Wage Order No.-2001, § 12(B).

18.  As an additional consequence of Defendant's failure to pay wages owed for premium pay rest breaks, Plaintiffs and Class Members did not receive all compensation due to them in their final paychecks. As a result, Plaintiffs and the other Class Members did not receive all wages due upon termination; nor did they receive these wages due within 30 days of the separation of their employment from Defendant.

19.  Defendant's failure to pay wages owed for rest breaks and/or premium pay, had the additional consequence that Defendant failed to issue accurate wage statements to the Plaintiffs and Class Members which included (1) gross wages earned, (2) total hours worked, (3) net wages earned (4) total hours of compensable rest and recovery periods; (5) rate of compensation for rest and recovery periods; (7) gross wages paid for compensable rest and recovery periods; (8) total hours of nonproductive time; (9) rate of compensation for nonproductive time; and (10) gross wages paid for nonproductive time, as required under Labor 111 Code §§ 226(a) and 226.2(a).

20.  As a result, Plaintiffs and the Class Members could not readily ascertain their regular hourly rate, the total hours worked at that rate, the total hours worked during a pay period, and the gross and net wages earned from the wage statements alone, without reference to other document or information, including wage statements from previous pay periods. Plaintiffs

3

and the Class Members have therefore suffered injury for the purposes of Labor Code § 226(e).

## Collective Action Allegations

21. Plaintiffs bring this complaint as a Collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former California employees of Defendant who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present (the "COLLECTIVE ACTION GROUP").

22. Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiffs because their claims are similar to the claims of the putative plaintiffs of the representative action.

23. Plaintiffs are similarly situated to the putative Plaintiffs with regards to their job duties. They were subject to Defendant's common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA. Plaintiffs and the putative plaintiffs were victims of a common policy or plan that violated the law.

24. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## Class Action Allegations

25. Plaintiffs also bring claims under California Law as a class action pursuant to FRCP Rule 23 on behalf of a Class which consists of:

> All of Defendant's California employees who were, are, or will be employed by Annetta Group LP as a non-exempt, hourly, employee or in any other substantially similar positions during the period commencing four years prior to the filing of this Complaint and ending on the date as determined by the Court (the "Class").

26. Plaintiffs are informed and believe that at least one member of the Class is a citizen of a state other than California.

27. Plaintiffs are informed and believe that the amount in controversy in the Complaint exceeds the sum or value of $1,000,000.

28. Defendant, as a matter of corporate policy, practice, and procedure, and in violation of the applicable California Labor Code, IWC Wage Order Requirements, and

other applicable provisions of California law, intentionally, knowingly, and willfully refused to pay all compensation owed to the Plaintiffs and the other members of the Class for their hours worked, failed to provide accurate itemized wage statements, failed to provide meal and rest breaks, and failed to pay all wages when due.

29. Plaintiffs bring this class action pursuant to Cal. Civ. Pro. Code. § 382 on behalf of the Class. Upon information and belief, there are more than 50 Class Members. The members of the Class are so numerous that joinder of all members is impractical.

30. Plaintiffs 'claims are typical of the claims of the members of the Class because they were workers who was (a) not paid at least his average hourly rate for time spent on rest breaks, (b) subject to Defendants policies and practices that prevented and/or impeded his ability to take authorized and permitted to take paid off-duty rest periods, (c) not paid break premium pay; and (d) not paid all wages due at termination.

31. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs has no conflict of interest with any member of the Class. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

32. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiffs and the Class are the following:

    a.    Whether Class Members are employees entitled to paid off-duty rest breaks, and/ or entitled to separate and hourly pay for rest breaks;

    b.    Whether Defendant violated Labor Code §§ 226.2 and Wage Order No. 4-2001, § 4 by failing to pay Plaintiffs and the Class separately and apart from for their rest breaks during the work day;

    c.    Whether Defendant violated Wage Order No. 4-2001 § 12 maintained policies and practices that prevented or impeded Class Members from being authorized and permitted paid rest periods during the work day;

    d.    Whether Defendant violated Labor Code § 226.7 and Wage Order No. 4-2001 § 12 by failing to pay one hour of premium pay to each member of the Class for each day that a paid rest period was not provided during the work day;

    e.    Whether Defendant violated Labor Code § 226(a) and 226.2 by failing to issue itemized wage statements to the Class Members;

    f.    Whether Defendant's violation of Labor Code § 226(a) was knowing and intentional;

   g. Whether Class Members suffered injury for the purposes of Labor Code § 226(e);

   h. Whether Defendant violated Labor Code § 203 by failing to pay the members of the Class for all of their wages due to them upon separation of their employment, including the one hour of premium pay to each member of the Class for each day that a paid rest period was not provided during the work day;

   i. The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiffs and the Class;

   j. Whether the Class is entitled to declaratory relief.

33. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from Defendant's employee rosters and/or payroll records.

34. Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

35. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

**FIRST CLAIM FOR RELIEF**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND COLLECTIVELY**
**ON BEHALF OF THOSE SIMILARLY SITUATED FOR FAILURE TO PAY**
**WAGES DUE UNDER THE FLSA**
**(Collective Action under the FLSA)**

32. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

33. Plaintiffs bring this claim individually and on behalf of the COLLECTIVE ACTION GROUP.

34. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiffs and the COLLECTIVE ACTION GROUP all wages due and owed under the FLSA, including agreed-upon wages and for overtime hours, as mandated by U.S.C. § 207(a),

35. Defendant's willful violation of the FLSA entitles Plaintiffs to recover unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest. This amount will be determined at trial. *See* 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CLASS FOR FAILURE TO PAY OVERTIME WAGES UNDER CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

36. Plaintiffs incorporate by reference each and every allegation contained above.

37. Plaintiffs bring this claim individually and on behalf of the Class.

38. California law requires an employer to pay each employee premium pay at a rate of at least one and a half times the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a workday or forty hours in a workweek.

39. During employment, Plaintiffs and the Class worked in excess of eight hours in one or more workdays and/or in excess of forty hours in a workweek.

40. In violation of the California Labor Code, Defendant did not pay, and Plaintiffs and the Class did not receive, the full amount of overtime premium pay for their work on these days.

41. Plaintiffs are entitled to recover the full amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**By Plaintiffs on behalf of themselves and the Class for Waiting Time Penalties in Violation of the California Labor Code**
**(Class Action under FRCP Rule 23)**

42. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

43. The California Labor Code applied to Plaintiffs' employment with Defendants at all times relevant herein.

44. Plaintiffs bring this claim individually and on behalf of the Class.

45. California Labor Code Section 203 provides:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an

employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

46. Plaintiffs' last day of work was on May 20, 2023.

47. Defendant willfully failed to pay Plaintiffs and the Class her/his wages due after Plaintiffs' employment with Defendant terminated.

48. California Labor Code §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. California Labor Code § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the timeframes required by Labor Code §§ 201 and 202.

49. At all relevant times during his employment, Defendant willfully failed to pay Plaintiffs all minimum, overtime, and/or double-time wages due as set forth in the California Labor Code and Wage Order. Defendant willfully failed to pay Plaintiffs all wages owed to her immediately upon her discharge, and such earned wages remain unpaid, in violation of the Labor Code. Plaintiff has repeatedly demanded that Defendants pay her owed wages, verbally and in writing. To date Defendants have willfully and intentionally refused, and continue to refuse, to pay Plaintiff her/his owed wages in violation of the California Labor Code.

49. Pursuant to California Labor Code § 203, Plaintiffs and the Class are entitled to waiting time penalties in an amount equal to thirty (30) days' wages, plus attorney's fees and costs, and interest.

**FOURTH CLAIM FOR RELIEF**
**BY PLAINTIFFS N BEHALF OF THEMSELVES AND THE CLASS FOR**
**FAILURE TO PAY MEAL PREMIUM PAY IN VIOLATION OF**
**THE CALIFORNIA LABOR CODE**
**(Class Action under FRCP Rule 23)**

50. Plaintiffs incorporate by reference each and every allegation contained above.

51. Plaintiffs bring this claim individually and on behalf of the Class.

52. Under California law, during qualifying shifts, employees are entitled to an uninterrupted meal period during which they are relieved of all duties. If meal periods are not provided during qualifying shifts, the employer must pay the employee one hour of pay at the employee's regular rate of compensation.

53. Plaintiffs and the Class consistently worked qualifying shifts without receiving meal periods. Defendants failed to compensate for this.

54. Plaintiffs are entitled to recover an amount equal to one hour of wages per missed meal period, interest, applicable penalties, attorneys' fees, and costs.

**FIFTH CLAIM OF RELIEF**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE**
**CALIFORNIA CLASS FOR FAILURE TO PAY REST BREAK PREMIUM**
**PAY UNDER CAL. LABOR CODE**
**(Class Action under FRCP Rule 23)**

55. Plaintiffs incorporate by reference each and every allegation contained above.

56. Under California law, employees are entitled to a paid ten minute rest break for every four hour period worked, or significant portion thereof. During rest breaks, employers must relieve employees of all duties and relinquish control over how they spend their time. For each day adequate rest periods are not provided, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

57. Plaintiffs and the Class consistently worked four hours per day without adequate rest breaks. Defendant failed to compensate for the missed breaks.

58. Plaintiffs and the Class are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees, and costs.

**SIXTH CLAIM FOR RELIEF**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE**
**CALIFORNIA CLASS FOR FAILURE TO PROVIDE ACCURAGE WAGE**
**STATEMENTS UNDERT THE CAL. LABOR CODE**
**(Class Action under FRCP Rule 23)**

59. Plaintiffs bring this claim individually and on behalf of the Class.

60. The purpose for section 226 is to ensure the employees are able to determine whether or not they are being paid their wages in accordance with California law. Under Labor Code section 226(h), "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

61. Defendant violated the above statute by failing to provide paystubs which accurately accounted for all hours worked and pay owed. None of the statements provided by Defendant to Plaintiffs and the Class accurately reflected true hours worked, overtime hours owed, actual gross wages, net wages earned, or any premium wages owed for Defendant's failure to provide lawful meal and rest periods. Because Plaintiffs were not aware of what their true wages should be and how they were calculated, they suffered economic loss in the form of lower wages for their l

62. As a result of Defendant's knowing and intentional violations of Labor Code § 226(a) described above, Class Members are entitled to recover an initial penalty of $50, and subsequent penalties of $100, for each incomplete and/or inaccurate wage statement issued to them, up to an amount not exceeding an aggregate penalty of $4,000 for each Class Member, pursuant to Labor Code § 226(e).

63. Plaintiffs, on behalf of themselves and all other Class Members, requests relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court enter judgment against Defendant as follows:

1. A declaratory judgment that Defendant's actions complained of herein have violated Plaintiffs' rights under the FSLA and the California Labor Code, including the right to be free from retaliation for the assertion of rights protected by the California Labor Code;

2. For an order certifying the federal claims as a collective action;

3. For an order certifying as a class action, under FRCP Rule 23, the state law claims;

4. Unpaid wages and other compensation denied or lost to Plaintiffs to date by reason of Defendant's unlawful acts, according to proof;

5. Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

6. General, compensatory, and special damages according to proof;

7. Exemplary and punitive damages according to proof; and

8. Interest accrued on Plaintiff's damages, including pre- and post-judgment interest, and an upward adjustment for inflation, under Labor Code § 218.6;

9. Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor Code § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

10. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

/s/ James M. Dore

**James M. Dore - State Bar No. 343860**
JUSTICIA LABORAL, LLC.
*Attorneys for Plaintiff*
6232 N. Pulaski Rd. Suite 300, Chicago, IL 60646
P: (773) 415-4898; E: jdore@justicialaboral.com

## **CONSENT TO BECOME A PARTY PLAINTIFF**

1. I, Claudia Y. Carpena, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2. During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendant and was not paid properly for all hours worked.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendant's failure to pay all wages due and owing in accordance with Federal Law.

Name: Claudia Y. Carpena

Date: September 28, 2023

## **CONSENT TO BECOME A PARTY PLAINTIFF**

1. I, Cruz Gonzalez, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2. During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendant and was not paid properly for all hours worked.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendant's failure to pay all wages due and owing in accordance with Federal Law.

_____
Name: Cruz Gonzalez

Date:   September 28, 2023